# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Polly Hanson, | ) | |
| 3625 North 10th Street, #901 | ) | |
| Arlington, VA 22201 | ) | |
| | ) | |
| Movant, | ) | Miscellaneous Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| Amtrak Office of Inspector General, 10 G Street, NE Washington DC 20002 | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISION OF THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

Movant Polly Hanson hereby moves this Court, pursuant to Section 1110 of the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. § 3410, for an order preventing the Amtrak Office of Inspector General ("OIG") from obtaining access to all of her financial records. Ms. Hanson's financial records are held by Wells Fargo N.A.

Request No. 2 of the OIG's subpoena requests "all documents pertaining to any open or closed bank accounts . . . associated with Polly Hanson." Exhibit A (customer notice and subpoena), at 7. It requests these records from October 1, 2006, to the present. *Id*. at 3.

Ms. Hanson respectfully requests that the Court narrow Request No. 2 to permit only the production of Ms. Hanson's banking records relevant to the government's law enforcement inquiry and to prohibit the disclosure of unrelated—and highly personal—banking records. Ms. Hanson also requests that the time frame of the subpoena be narrowed to the time during which she worked at Amtrak.

Under the RFPA, the Court may quash an subpoena in three circumstances: "(1) the agency's inquiry is not a legitimate law enforcement inquiry[;] (2) the records requested are not relevant to the agency's inquiry[;] or (3) the agency has not substantially complied with the RFPA." *Thomas v. U.S. Dep't of Homeland Sec.*, 876 F. Supp. 2d 1, 6 (D.D.C. 2012) (quoting *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875, 882 (5th Cir.1989)). The government's stated purpose of this investigation is "to determine whether there was fraud involved with the procurement of the Amtrak Police Department RAILSAFE services contract no. 2500063883, with ASBG Consulting, Inc." *See* Exhibit A, at 1. Ms. Hanson does not challenge that this is a legitimate law enforcement inquiry.

However, all of the "records requested are not relevant to the agency's inquiry" under *Thomas*. The OIG is investigating a specific contract (Amtrak Police Department RAILSAFE services contract) between Amtrak and a specific entity (ABS Consulting).[1] Yet Request No. 2 of the subpoena requests **all** of Ms. Hanson's banking records, not just those related ASB Consulting or to ASB's employee, Kerry Thomas. Exhibit A, at 7. The OIG apparently seeks Mr. Thomas' mortgage records for a piece of property as well.

Ms. Hanson's banking records will reveal the most personal details of her life—from her medical expenses to her personal shopping habits to her past and future travel plans. Exhibit B (P. Hanson sworn statement), at ¶ 9. Although relevance is a low burden, the government cannot make a good faith showing that these private banking records are relevant to its limited law enforcement inquiry into this specific contract.

In addition, Mr. Hanson started working at Amtrak in December 2012. *Id*. at ¶ 3. The contract at issue between Amtrak and ABS Consulting was awarded in May 2014. *Id*. at ¶ 4. Yet

---

[1] As Ms. Hanson explains in her sworn statement, the subpoena refers to "ABSG Consulting, Inc.," but Ms. Hanson's understanding is that the company awarded the contract is "ABS Consulting." Exhibit B, at ¶ 4.

the subpoena asks for her banking records all the way back to October 1, 2006—*six years* before she started working at Amtrak and *eight years* before the contract was awarded to ABS Consulting. Exhibit A, at 4 (para. C). The government cannot make a good faith showing that her personal banking records six years before she joined Amtrak are relevant to its inquiry into fraud that supposedly occurred after she joined Amtrak.

To be clear, Ms. Hanson does *not* object to Wells Fargo producing records that relate to ABS Consulting or to Mr. Thomas after she joined Amtrak. Exhibit B, at ¶ 8. Records showing payments to or from ABS Consulting or Mr. Thomas are plainly relevant to the law enforcement inquiry and should be produced. But the government should not be permitted to go beyond its stated investigative purpose to conduct a fishing expedition into Mr. Hanson's personal life without explaining how these records will advance its official inquiry.

Moreover, as Ms. Hanson's sworn statement explains, four of the seven accounts in her name at Wells Fargo are the accounts used by her adult son. *Id*. at ¶ 5. The government cannot make any showing that Ms. Hanson's son is part of its inquiry, and her son's private bank records in these two accounts should not be made available to the government under any circumstances.

For these reasons, Ms. Hanson requests that (1) Request No. 2 of the subpoena to Wells Fargo be narrowed to require only the disclosure of banking records related to ASB Consulting or to Kerry Thomas; (2) in response to Request No. 2, Wells Fargo be ordered to produce documents only from Ms. Hanson's three bank accounts and not those from her son's four accounts; and (3) the time frame of the entire subpoena be narrowed to December 1, 2012, to the present.

A proposed order is attached.

Dated: May 5, 2016

                                           /s/ 
_____
Sara E. Kropf (D.C. Bar No. 481501)
Law Office of Sara Kropf PLLC
1001 G Street, NW, Suite 800
Washington, DC 20001
(202) 627-6900
sara@kropf-law.com

*Counsel for Ms. Hanson*

## Certificate of Service

I hereby certify that on this 5th day of May 2016, a true and correct copy of the foregoing motion was served on the respondent via first class mail at the following address:

Deputy Counsel
Amtrak Office of Inspector General
10 G St. NE
Suite 3W-300
Washington DC 20002

_____
Sara E. Kropf